IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENNETH ROBERT CALDWELL, SR., </br> Plaintiff, </br> v. </br> MIKE JOHNSON, ET AL. </br> Defendants. | Civil Action No. 3: 24-cv-1212 </br> Judge Richardson / Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is a motion to dismiss filed by Defendants Dodge Chrysler, LLC and Fiat/Chrysler Automobile Corporation (Docket No. 6) and a motion to dismiss filed by Defendants, Mike Johnson, John Roberts, William H. Pryor, Jr., Elizabeth Barchas Prelogar, Secretary Peter Buttigieg, Merrick Garland, and United States Attorney's Office (Docket No. 12). The Plaintiff has filed responses to the motions. Docket Nos. 9, 14, and 15. For the reasons set forth herein, the undersigned recommends that the Complaint be dismissed under Fed. R. Civ. P. 12(b)(6) for lack of jurisdiction or alternatively, that the Defendants' motions be **GRANTED** and this matter be dismissed.

## I.  BACKGROUND

The current action is a reiteration almost virtually identical to an action previously filed in this court and other courts. *See Caldwell v Roberts*, et al. 3:23-cv-01112 (J. Trauger) Docket No. 1. As Judge Trauger described:

> The gravamen of the 122-page Complaint is as follows. After the failure of the plaintiff's brakes caused a three-car traffic accident in 2016, he learned that his vehicle, manufactured by Dodge Chrysler, was subject to a 2014 recall to install a "brake booster." He filed a 2018 suit for damages under the National Traffic and Motor Vehicle Safety Act ("the Safety Act") in the Middle District of Florida, but the suit was dismissed based on Eleventh Circuit precedent establishing that the Safety Act does not authorize a private right of action. The plaintiff appealed the

> dismissal, first to the Eleventh Circuit, which affirmed the dismissal based on its precedent, and then to the U.S. Supreme Court, which denied certiorari. In light of this outcome, the plaintiff accuses the Florida district court, the Eleventh Circuit, and the Supreme Court of relying on an interpretation of the Safety Act that is contrary to what the Act actually says, in order to protect their corrupt financial associations with Fiat/Chrysler Corporation/Dodge LLC. (Doc. No. 1 at 106.) Claiming that "[t]he constitution is not worth its value to the public when the people managing the laws and the Constitution are in bed with any American manufacturing industries" (id. at 74), the plaintiff invokes "§ 1861," the Fourteenth Amendment's Due Process Clause, and "Title 49," and asks this court to award payment of sums in "settlement" of his 2018 lawsuit from the federal government and from the car companies, as well as injunctive orders to ensure that the U.S. Congress and federal justices and judges are properly trained to do their jobs. (Id. at 102–118.)

3:23-cv-1112, Docket No. 8, pp. 1-2.

As Judge Trauger also noted, the Plaintiff previously filed the same Complaint in April of 2023 in the Middle District of Florida. Id. at p. 2. That action was dismissed in Florida as being "patently frivolous." Id. Judge Trauger agreed with the Court in Florida and also dismissed the Plaintiff's case as frivolous. The Plaintiff did not appeal the judgment in the case before Judge Trauger which was entered on December 21, 2023. 3:23-cv-1112, Docket No. 9. Instead, the Plaintiff filed the instant action.

Counsel for Dodge and Fiat filed a limited notice of appearance and motion to dismiss arguing that the Court should dismiss Plaintiff's Complaint on the basis of Plaintiff's failure to state a claim for which relief may be granted; Plaintiff's failure to abide by the Tennessee Product Liability Act's statute for limitations of actions; and Plaintiff's insufficient process. Docket No. 6. The government Defendants filed a motion to dismiss based on insufficient service of process. Docket No. 12.

The Plaintiff has responded to the motions with lengthy pleadings discussing the service issue and recounting previous litigation against these same Parties in other courts. Docket Nos. 9, 14 and 15.

2

Case 3:24-cv-01212    Document 22    Filed 10/10/25    Page 2 of 8 PageID #: 400

## II. LAW AND ANALYSIS

Despite being a pro se filed complaint, no initial screening was conducted in this matter because Plaintiff paid the filing fee. *Benson v. O'Brian*, 179 F. 3d 1014, 1017 (6th Cir. 1999). Nonetheless, the Court must in every case be assured of its subject matter jurisdiction regardless of the stage of the litigation. A court "may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F. 3d 477, 479 (6th Cir. 1999) (*citing, e.g.*, *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

This appears now to be the third time that the Plaintiff has filed his current complaint and the second in this Court. See 3: 23-cv-1112. As Judge Trauger noted, he originally filed this matter in April 2023 in the Middle District of Florida. 3:23-cv-1112, Docket No. 8. That action was dismissed with prejudice by the Court after a finding that it was "patently frivolous." Id. The Court determined that the action essentially requested that the court overturn the trial and appellate rulings in the plaintiff's previous case, as well as precedent from the Eleventh Circuit on which those rulings relied, based on "unsupported accusations of conspiracy and fraud." Id. *citing, Caldwell v. Roberts, et al.*, No. 8:23-cv-0918, Doc. No. 8 (M.D. Fla. July 6, 2023).

Judge Trauger agreed with the prior ruling finding that even if federal subject matter jurisdiction was otherwise proper under governing law, the exercise of such jurisdiction was improper in the case because of the "unsubstantial, frivolous" nature of the complaint. *Caldwell*, 3:23-cv-1112 Docket No. 8, p. 3. (citation omitted) In support of her ruling, Judge Trauger noted that while this Court was not bound by the decisions of the Florida district court or the Eleventh Circuit, 'this court cannot overturn those decisions or order the defendants to pay damages based

3

on the value of the dismissed claims adjusted for inflation since their dismissal, as requested in the Complaint." Id. Further, Judge Trauger found that the Plaintiff's "principal contention" apart from relief from the decisions in the 2018 case – "that the federal judiciary at large corruptly defers to automobile manufacturers in interpreting applicable laws because it is 'in bed' with, or part of 'a cabal' with, those manufacturers (Doc. No. 1 at 74, 106)—is wholly unsubstantial and frivolous." Id. Based on her finding that the Court lacks jurisdiction to hear the case it was dismissed with prejudice. Id. at p. 4.

While the instant complaint is not a verbatim copy of the prior complaint dismissed by Judge Trauger, its primary contentions are the same: "[b]asically the Courts got in bed with automobile manufactures to lay the foundation of the automobile manufactures strategy to make money off the victim of unsafe safety equipment." Docket No. 1, p. 171.

Based upon the foregoing, the undersigned finds that the Court lacks jurisdiction to hear this case, which does not present any substantial, non-frivolous allegations or claims. Accordingly, it is recommended that the matter be dismissed with prejudice pursuant to Rule 12(b)(1) of the+ Federal Rules of Civil Procedure.

### A. Automobile Manufacturers' Motion to Dismiss

Defendants Dodge Chrysler, LLC and Fiat/Chrysler Automobile Corporation filed a motion to dismiss on the grounds that the Plaintiff failed to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6); failure to abide by the Tennessee Product Liability Act's statute for limitations of actions; and Plaintiff's insufficient process under 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. Docket No. 6. Defendants specifically assert that the Complaint fails to set forth any cognizable claim and fails to appropriately identify the Defendant against whom claims are being made. Docket No. 6-1, p. 4. Defendants further argue that Plaintiff

4

Case 3:24-cv-01212    Document 22    Filed 10/10/25    Page 4 of 8 PageID #: 402

has failed to perfect service and that even if he had done so the statute of limitation bars recovery.

The Defendants assert that the only mention of any claims against an automotive Defendant are in reference to a previously filed lawsuit filed by the Plaintiff in the Middle District of Florida. Id. at p. 6. They contend that reference to prior litigation does not satisfy the obligation to set forth claims in this matter and that no summons was ever issued in the name of a legally existing automotive corporation. Id. at pp. 6, 14-15. Defendants further contend that any cause of action related to a 2013 Durango vehicle would be governed by the Tennessee Products Liability Act of 1978 ("TPLA") and that Plaintiff has failed to adequately state a claim under that statute. Id. at p. 7. They assert that the Plaintiff has not alleged the existence of a defect or unreasonably dangerous condition existing at the time the subject vehicle allegedly left the control of any Defendant, that he fails to mention any sort of injury suffered and to actually identify any legally recognized Defendant. Id. at pp. 6-9. Defendants contend that the Plaintiff's claims fall under the TPLA's six-year statute of limitations and that any potential claim is long since passed and/or is barred under the TPLA's ten-year statute of repose. Id. at pp. 9-11. Finally, Defendants contend that Plaintiff issued summons to "nonexistent entities" and that none of the proposed Defendants actually exist. Id. at pp. 13-17.

Plaintiff has filed two lengthy responses to the motion to dismiss addressing exclusively the issue of service arguing that service is proper and that the matter should not be dismissed. Docket Nos. 9 and 14. The Plaintiff failed to address any of the other issues raised by the Defendants in their motions.

As noted above, the gravamen of the Plaintiff's complaint is the alleged conspiracy between the Court and other governmental actors and the automotive industry as it relates to his prior litigation in Florida. The Plaintiff has failed to address the issues raised by Defendants

5

Case 3:24-cv-01212   Document 22   Filed 10/10/25   Page 5 of 8 PageID #: 403

regarding any claim related to his vehicle or the accident. The undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted as it relates to the instant Defendants. Further, any claim Plaintiff may assert against them related to his vehicle would be governed by the TPLA and is time barred. Finally, notwithstanding Plaintiff's response, there is no evidence that he has properly named or served the appropriate Defendants in this case.

For the reasons set forth herein, the undersigned recommends that Defendants Dodge Chrysler, LLC and Fiat/Chrysler Automobile Corporation's motion to dismiss (Docket No. 6) be **GRANTED.**

### B. Government Defendants' Motion To Dismiss

Defendants, Mike Johnson, John Roberts, William H. Pryor, Jr., Elizabeth Barchas Prelogar, Secretary Peter Buttigieg, Merrick Garland, and United States Attorney's Office (Government Defendants) have filed motion to dismiss Plaintiff's claim for insufficient service of process under Fed. R. Civ. P. 12(b)(5). Docket No. 12. Specifically, these Defendants argue that the Plaintiff has not complied with the requirements of Rule 4(i)(1) requiring service upon the United States because he has not served the United States Attorney's office for the Middle District of Tennessee. Docket No. 13, p. 4. In fact, a summons was never issued to the United States Attorney's office and no proof of service of the office has been filed. The Plaintiff has filed a response noting his previous litigation and arguing that his service of a prior action in 2018 upon the U. S Attorney's office in Washington D. C. is sufficient. Docket No. 15.

The requirement of proper service of process "is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F. 2d 1151, 1156 (6th Cir. 1991) (quotation omitted). If a defendant is not properly served, a federal court lacks jurisdiction over that defendant. *King v.*

*Taylor*, 694 F. 3d 650, 655 (6th Cir. 2012).  In the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication.  Id.

The plaintiff bears the burden of executing due diligence in perfecting service of process and showing that proper service was made. *Spencer v. Caracal Int'l*, LLC, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021).  Courts may look to record evidence and uncontroverted affidavits in determining whether plaintiffs have met this burden. *Id.* Courts generally treat Rule 12(b)(4) and (5) as more or less interchangeable.  2 *Moore's Federal Practice* § 12.33[1] (3d. ed. 2003).  The burden of proof lies with the party raising a challenge to the sufficiency of service of process. Id. Moreover, a defendant's actual knowledge of a lawsuit is no substitute for proper service of process.  *LSJ Investment Co., Inc. v. O.L.D., Inc.*, 167 F. 3d 320, 322 (6th Cir. 1999); *Friedman v. Estate of Presser*, 929 F. 2d 1151, 1155–56 (6th Cir. 1991).

The service requirement in this case is clear and unambiguous. The record establishes that Plaintiff has not perfected service as required under the rules. Plaintiff's argument that he is somehow excused from this requirement is both lacking in any legal authority and not compelling.

For the reasons discussed herein, the undersigned recommends that the government Defendants' motion to dismiss (Docket No. 12) be **GRANTED**.

## CONCLUSION

For the reasons set forth herein, the undersigned finds that the Court lacks jurisdiction to hear this case, which does not present any substantial non frivolous allegations or claims. Accordingly, it is recommended that the matter be **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, that the Defendants' motions to dismiss (Docket Nos. 6 and 12) be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                               **JEFFERY S. FRENSLEY**
                                                               **United States Magistrate Judge**